IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID A. ATKINS                                                           PLAINTIFF

vs.                                                                      No. 1:07CV314-D-D

DIRK KEMPTHORNE, SECRETARY,
DEPARTMENT OF THE INTERIOR                                              DEFENDANT

## OPINION GRANTING MOTION TO DISMISS

Presently before the court is Defendant Dirk Kempthorne's motion to dismiss, or in the alternative, for summary judgment. Upon due consideration, the court finds that the motion to dismiss should be granted.

Plaintiff originally filed this action on December 14, 2007. On April 18, 2008, Defendant filed this motion to dismiss, or in the alternative, for summary judgment and supporting memorandum, in which he seeks dismissal of Plaintiff's claims for failure to exhaust his administrative remedies and/or his abandonment of his administrative process and for failure to state upon which relief can be granted pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure. Plaintiff mailed a response to Defendant on July 23, 2008 but failed to file it electronically. On October 15, 2008, the court granted Plaintiff additional time to file his response to Defendant's motion. Plaintiff filed his response on December 5, 2008.

It his motion to dismiss, Defendant argues that Plaintiff did not contact his EEO representative within forty-five (45) days of the alleged discriminative action and therefore, his complaint should be dismissed because he did not timely exhaust his administrative remedy. Plaintiff argues that Defendant waived the untimeliness defense when it failed to raise the defense during the EEOC hearing. "The requirement that a federal employee initiate contact with an EEO

counselor within 45 days of the alleged discrimination is not a jurisdictional prerequisite. As such, it is subject to waiver, estoppel, and equitable tolling." Horton v. Pottor, 369 F.3d 906, 911 (6th Cir. 2004)(*citing* McFarland v. Henderson, 307 F.3d 402, 406 (6th Cir. 2002)). The Horton court continued, "when an agency accepts and investigates a complaint of discrimination, ...it does not thereby waive a defense that the complaint was untimely." Horton, 369 F.3d at 911 (see Belgrave v. Pena, 254 F.3d 384, 387 (2d Cir. 2001); Ester v. Principi, 250 F.3d 1068, 1072 n.1 (7th Cir. 2001); Bowden v. United States, 106 F.3d 433, 438 (D.C.Cir. 1997); Rowe v. Sullivan, 967 F.2d 186, 191 (5th Cir.1992); Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir.1985). However, the Horton court found that "waiver occurs when the agency decides the complaint on the merits without addressing the untimeliness defense." Horton, at 911 (*citing* Ester, 250 F.3d at 1071-72 and Bowden, 106 F.3d at 438). In addition, in Momah v. Dominguez, the Sixth Circuit followed its ruling in Horton concluding "that even if [Plaintiff] failed to initiate timely contact with an EEO counselor, the EEOC waived its untimeliness defense by addressing the merits of his denial of transfer claim at the administrative level without raising a timeliness objection." Momah v. Dominguez, No. 03-2561, 239 Fed.Appx. 114, 101 Fair Empl.Prac.Cas. (BNA) 268 (6th Cir., June 21, 2007).

The court has reviewed the decision of the Administrative Law Judge and the EEOC's Response to Appeal, in which it adopted the ALJ's decision, and did not find where either addressed the Defendant's untimeliness defense. In fact, neither the decision nor the response even mentioned the EEO representative or Plaintiff contacting him. Therefore, the court is of the opinion that Defendant's untimeliness defense was waived.

Defendant next argues that Plaintiff's claims are jurisdictionally barred because he failed to exhausted his administrative remedies and/or abandoned the administrative process by filing this

civil action in direct violation of the statutorily defined time limits contained in 42 U.S.C. § 2000e-16. According to the statutory requirements in 42 U.S.C. § 2000e-16(c), after Plaintiff filed his appeal with the EEOC, he could only file a civil action within 90 days of receipt of a final decision by the Commission on his appeal or after 180 days from the date he filed his appeal with the Commission if the Commission had not issued a final decision. See 42 U.S.C. 2000e-16(c); 29 C.F.R. 1614.407(d).

The United States Supreme Court opined that the "basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence-to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." Parisi v. Davidson, 405 U.S. 34, 37, 92 S. Ct. 815, 31 L.Ed.2d 17 (1972).

In Tolbert v. United States, the Fifth Circuit found that a plaintiff "who appeals to the EEOC Office of Review and Appeals must await a decision by that office, or 180 days, whichever comes first, before filing in federal court." Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990)(*citing* White v. Frank, 718 F.Supp. 592, 595 (W.D.Tex.1989)).

The Fifth Circuit has also opined that under the statutory language in 42 U.S.C. 2000e-16(c) implicitly stipulates that an "employee may file a complaint in federal court only 'after one hundred eighty days from the filing of the inital change with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision." Martinez v. Department of the U.S. Army, 317 F.3d 511, 513 (5th Cir. 2003)(*quoting* Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990)).

The Southern District of New York, in Williams v. Potter, followed the Fifth Circuit's line of reasoning in dismissing the plaintiff's complaint for failing to exhaust his administrative remedies finding that "[p]remature federal filings are considered failures to exhaust." Williams v. Potter, No.

01 Civ. 332(JGK), 2002 WL 32964463, *4 (S.D.N.Y. Aug. 26, 2002)(citing Tolbert v. United States, 916 F.2d 245, 249-50 (5th Cir.1990)). The Potter court continued, "a complainant may not simply abandon the administrative process once the complainant has elected to pursue an administrative appeal." Williams v. Potter, 2002 WL 32964463, *4 . See Wrenn v. Sec'y, Dep't Veterans Affairs, 918 F.2d 1073, 1077-78 (2d Cir.1990); Tsai v. Helfer, 940 F.Supp. 597, 602 (S.D.N.Y.1996).

In the present case, Plaintiff filed his civil action 130 days after filing an appeal with the EEOC and before the EEOC had reached a final decision, effectively filing 50 days premature. The Fifth Circuit has repeatedly required strict compliance with the statutorily defined administrative remedy requirements. This court must adhere to the standard followed by the Fifth Circuit. Despite the fact Plaintiff substantially complied with the statutorily defined time frame by waiting 130 of the 180 prescribed days to file this civil action, substantial compliance is not enough. Therefore, this action must be dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust his administrative remedies.

In sum, the court finds that it lacks subject matter jurisdiction and all claims against Defendant shall be dismissed. Defendant's motion to dismiss or, in the alternative, for summary judgment will be granted.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 9[rd] day of March, 2009.

_____
Senior Judge